IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PROGRESSIVE GULF INSURANCE                                                                    PLAINTIFF

VS.                                                                                      No. 1:05CV91-D-D

ALBERT NICKERSON d/b/a NICKERSON
TRUCKING, et al.                                                                              DEFENDANTS

OPINION GRANTING MOTION TO DISMISS

Presently before the Court is the Defendants' motion to dismiss. Upon due consideration, the Court finds that the motion to dismiss should be granted.

*A. Factual Background*

On October 19, 2004, the Plaintiff filed this declaratory judgment action seeking a determination and extent of insurance coverage. In June 2004, the Defendants, James and Renee Stewart, filed a complaint in the Circuit Court of Attala County, Mississippi against their co-Defendants herein for damages arising from injuries sustained during an automotive accident. The Plaintiff was named as a defendant in the underlying state court action as an insurer of two state court defendants.

In connection with the motion to dismiss, the Defendants assert that in the interest of comity and judicial economy the Court should abstain from entertaining this matter because of the parallel state court action. The Plaintiff contends that the two actions are distinct and that dismissal is not required.

*B. Standard for Review*

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that "[i]n the case of an actual controversy within its jurisdiction . . . any court of the United States . . . may declare the

rights and other legal relations of any interested party seeking such declaration." District courts are granted some discretion to determine whether or not to entertain a declaratory judgment claim. Am. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998). To determine if dismissal is warranted the court must consider "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Am. Life Assurance Co. of Fla. v. Overton, 128 Fed. Appx. 399, 401, 2005 WL 943522 at *2 (5th Cir. Apr. 21, 2005). In order to respect the confines of appropriate discretion when deciding whether to abstain, the court must consider several factors:

> (1) whether there is a pending state court action in which all the matter of the litigation may be fully litigated;
> (2) whether the plaintiff filed the suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exits;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and
> (7) whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

RLI Ins. Co. v. Wainoco Oil & Gas Co., No. 04-20450, 2005 WL 1199278 at *2 (5th Cir. May, 20, 2005) (citing St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994)). In Brillhart, the Supreme Court stated,

> ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of state court litigation should be avoided.

RLI Ins., 2005 WL 1199278 at *2; also Wilton v. Seven Falls Co., 515 U.S. 277, 282, 115

S. Ct. 2137, 132 L. Ed. 2d 214 (1995).

## C. Discussion

Since there is no dispute that the action is justiciable and that this Court has authority to grant the sought after relief, the only issue is whether the Court should exercise discretion to decide or dismiss the matter. Applying the Trejo factors to the facts of this case, the Court finds that the case should be dismissed.

As noted supra, there is currently a pending state court action in which all the issues in controversy may be fully litigated. The pending state court action involves the same parties and, despite the Plaintiff's assertion, essentially the same controversy, i.e., the declaration of the parties' rights and liabilities based upon the issuance of insurance. The Defendants' state court complaint clearly identifies the alleged liable parties and refers to insurance possibly covering Lofton Timber and Nickerson Trucking. Even though the Defendants did not identify the insurance policy by number, the issues presented herein are unavoidably intertwined with the state court action where the entire dispute may be fully decided.

Second, there is no direct proof that the Plaintiff filed this action in anticipation of litigation. The Defendants filed their state court complaint on or about June 24, 2004, with a copy being served on the Plaintiff. The Plaintiff filed this federal action on October 19, 2004. Without question the Plaintiff had knowledge of the state dispute. The Plaintiff initiated this declaratory action, perhaps not in anticipation, but in reaction to the state proceeding.

Both parties have engaged in the tactical art of legal maneuvering to best benefit their respective interests. So, the effect of the third Trejo factor is practically neutral. However, the fourth factor weighs in favor of dismissal. The Defendants were clearly the first to file an action in state

court. There are any number of scenarios that could potentially result from different judgments if the Court were to entertain this dispute. Rather than engaging in endless speculation, the Court finds that equity favors the entire dispute being decided in state court where the matter was first filed.

The fifth factor, convenience of the federal court, also tends to favor dismissal. While this federal court is not inconvenient, the state court is more convenient for the Defendants. Also, the accident giving rise to this entire dispute occurred in Attala County where the case was originally filed.

Finally, the sixth factor indisputably weighs heavily in favor of dismissal. Judicial economy would best be served by having the entire dispute and all issues being decided in one court. The Circuit Court of Attala County has already accepted jurisdiction over the case. Hence, judicial economy practically requires that the matter be taken up by one court in which all parties are joined.[1]

Where, as is the case here, there is a parallel state court action presenting the same issues not involving federal law, between the same parties, the Court should avoid interfering with state court litigation. Because all of the Trejo factors are either neutral or favor dismissal, the Court, in its discretion, declines to exercise jurisdiction pursuant to the Declaratory Judgment Act and Brillhart. See RLI Ins., 2005 WL 1199278 at *2 (affirming the district court's stay of proceedings based on similar results from Trejo analysis). Therefore, the Plaintiff's complaint should be dismissed.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 29th day of June 2005.

/s/ Glen H. Davidson
Chief Judge

---

[1] The Seventh Trejo factor is not implicated by the facts of this case.