IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PROGRESSIVE GULF
INSURANCE COMPANY                                                        PLAINTIFF

vs.                                                                  No. 1:05CV91-D-D

GEORGIA PACIFIC CORPORATION; et al.                                    DEFENDANTS

## OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Plaintiff's motion for summary judgment. The Defendants have not indicated any opposition to the motion, and one has conceded the motion. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

This declaratory judgment action arises from an vehicular accident that occurred on February 12, 2004, between the Defendants James and Renee Stewart, who were in one vehicle, and the Defendant Cleansy Barksdale, who was driving a lumber truck and trailer for the Defendant Albert Nickerson d/b/a Nickerson Trucking. The Stewarts subsequently filed a civil action in the Circuit Court of Attala County, naming, *inter alia*, both Barksdale and Nickerson Trucking as defendants.

At the time of the accident, the Plaintiff (Progressive) had in full force and effect a policy of insurance (Policy No. CA-04049803-2) issued to the Defendant Albert Nickerson d/b/a Nickerson Trucking; this policy provided $100,000 of liability coverage. The Plaintiff filed this action on April 6, 2005, pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, seeking a declaratory judgment that the subject insurance policy provides no greater than the $100,000 liability coverage shown in the Declarations of the policy.

Having carefully considered the submissions of the parties, the court finds that the subject

policy of insurance provides no more than $100,000 in liability coverage.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

*C. Discussion*

The Defendant Nickerson testified that at the time of the subject accident, he only had

policy of insurance provides no more than $100,000 in liability coverage.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

*C. Discussion*

The Defendant Nickerson testified that at the time of the subject accident, he only had

$100,000 in liability coverage available under the Progressive policy. This testimony, combined with the Plaintiff's undisputed assertion that the policy limit of the subject policy is $100,000, leads the court to find that the subject insurance policy provides no greater than the $100,000 liability coverage shown in the Declarations of the policy, and that the Plaintiff is entitled to a declaratory judgment in its favor to that effect.

A separate order in accordance with this opinion shall issue this day.

This the 20th day of April 2006.

/s/ Glen H. Davidson
Chief Judge